OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 29, 2000

The Honorable Richard J. Miller
Bell County Attorney
P.O. Box 1127
Belton, Texas 76513

Opinion No. JC-0242

Re: Whether the state has a right to a jury trial in a juvenile proceeding (RQ-0180-JC)

Dear Mr. Miller:

You have requested our opinion as to whether the state may require a jury trial in a juvenile proceeding by withholding its approval of a waiver of jury trial filed by the attorney for the juvenile. For the reasons that appear below, we conclude that the state may not do so.

A juvenile may be found to have engaged in delinquent conduct, or conduct indicating a need for supervision, only after an adjudication hearing conducted in accordance with section 54.03 of the Family Code. TEX. FAM. CODE ANN. § 54.03(a) (Vernon Supp. 2000). The terms "delinquent conduct" and "conduct indicating a need for supervision" are defined in section 51.03 of the Family Code. At the beginning of an adjudication hearing, the juvenile court is directed to explain to the child and his parent, guardian, or guardian ad litem, the allegations made against the child, the nature and possible consequences of the proceeding, the child's protection against self-incrimination, the child's right to trial and to confrontation of witnesses, the child's right to representation by an attorney, and the child's right to trial by jury. Id. § 54.03(b). Section 54.03(c) requires that "[t]rial shall be by jury unless jury is waived in accordance with Section 51.09 of this code."

Section 51.09 provides:

> Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:
>
> (1) the waiver is made by the child and the attorney for the child;
>
> (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

> (3) the waiver is voluntary; and
>
> (4) the waiver is made in writing or in court proceedings that are recorded.

*Id.* § 51.09. As you indicate, there is "no provision in the Juvenile Code [Title 3 of the Family Code] that addresses the right or authority of the State with respect to such waiver." Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Jan. 28, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"].

Section 51.17 of the Family Code provides:

> (a) Except for the burden of proof to be borne by the state in adjudicating a child to be delinquent or in need of supervision under Section 54.03(f) or otherwise when in conflict with a provision of this title, the Texas Rules of Civil Procedure govern proceedings under this title.
>
> (b) Discovery in a proceeding under this title is governed by the Code of Criminal Procedure and by case decisions in criminal cases.
>
> (c) Except as otherwise provided by this title, the Texas Rules of Evidence applicable to criminal cases and Chapter 38, Code of Criminal Procedure, apply in a judicial proceeding under this title.

TEX. FAM. CODE ANN. § 51.17 (Vernon Supp. 2000). You suggest that, since the right of the state to require a jury trial in a juvenile proceeding is not mentioned in the Family Code, we must, pursuant to subsection 51.17(a), look to the Texas Rules of Civil Procedure for guidance, specifically, Rule 216. *See* Request Letter, *supra*, at 2. That rule states, in relevant part:

> (a) **Request.** No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

TEX. R. CIV. P. 216. Rule 216, albeit indirectly, grants to either party to a civil suit the right of trial by jury.

In our opinion, Rule 216 does not apply to a juvenile proceeding. Subsection 51.17(a) of the Family Code specifically states that the Rules of Civil Procedure are not applicable "when in conflict with a provision" of Title 3 of the Family Code. As one commentator notes, in a treatise on Texas Juvenile Law, "If Title 3 speaks to an issue, it controls." *See* ROBERT O. DAWSON, TEXAS JUVENILE

PROBATION COMMISSION, TEXAS JUVENILE LAW 330 (4th ed. 1996). Section 54.03 guarantees to the child the right of trial by jury in a juvenile proceeding. Section 51.09 sets forth the specific conditions that must be met in order for waiver to take place. The first of those conditions is that "the waiver is made by the child and the attorney for the child." Nothing in section 51.09 states or implies that the state has any role in this decision, and it does not suggest that the state should have veto power over the decision. Rule 216 conflicts with sections 54.03 and 51.09 by affording to either party the right to demand a jury trial. Because of this conflict, we decline to engraft Rule 216 onto sections 54.03 and 51.09 of the Family Code. The state is entitled neither to demand a jury trial nor to preclude a waiver of a jury trial in a juvenile proceeding.

We conclude that Rule 216 of the Texas Rules of Civil Procedure is not applicable to the determination of whether a jury trial is available in a juvenile proceeding. Accordingly, the state has no right to a jury trial in such a proceeding.

## S U M M A R Y

The state has no right to a jury trial in a juvenile proceeding.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee